# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS AMARILLO DIVISION

| | |
|---|---|
| IN RE: <br><br> McCLAIN FEED YARD, INC., <br><br> *Debtor.* | **CASE NO. 23-20084-7-rlj** <br><br> **Chapter 7** |
| IN RE: <br><br> McCLAIN FARMS, INC., <br><br> *Debtor.* | **CASE NO. 23-20085-7-rlj** <br><br> **Chapter 7** |
| IN RE: <br><br> 7M CATTLE FEEDERS, INC., <br><br> *Debtor.* | **CASE NO. 23-20086-7-rlj** <br><br> **Chapter 7** |

## ACCEPTANCE OF SERVICE OF RULE 2004 SUBPOENA
(Glenn Karlberg)

The undersigned, Glenn Karlberg, Chief Restructuring Officer for each of the above-named Debtors (i) affirms that he has received a copy of the *Subpoena for Rule 2004 Production of Documents*, dated June 20, 2023, issued in the above-entitled cases by David LeBas, counsel for AgTexas Farm Credit Services; AgTexas, PCA; and Thorlakson Diamond T. Feeders, LP, (the "**Subpoena**"); (ii) accepts service of the Subpoena on behalf of himself without the requirement of formal service; and (iii) waives any right that he, LLC might have to service of the Subpoena by any other means.

Glenn Karlberg reserves all other rights and defenses with respect to the Subpoena other than defenses, if any, based upon improper or ineffective service.

4891-9483-1723, v. 1

Dated this 22nd day of June, 2023.

_____
Glenn Karlberg

### CERTIFICATE OF SERVICE

The undersigned certifies that on this the 22nd day of June, 2023, the foregoing ACCEPTANCE OF SERVICE OF SUBPOENA and RULE 2004 SUBPOENA was electronically filed and served via the Court's ECF System on all electronic filing users in this case.

/s/ David L. LeBas
David L. LeBas

4891-9483-1723, v. 1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, AMARILLO DIVISON

| | |
|---|---|
| In re:   McClain Feed Yard, Inc. | Case No. 23-20084-7-rlj |
|          McClain Farms, Inc. | Case No. 23-20085-7-rlj |
|          7M Cattle Feeders, Inc. | Case No. 23-20086-7-rlj |

Chapter __7__

### SUBPOENA FOR RULE 2004 PRODUCTION OF DOCUMENTS

TO: Glenn Karlberg
Debtors' Chief Restructuring Officer
15029 N. Thompson Peak
#B111-643
Scottsdale, AZ 85268

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

☒ *Production:* You, must produce by **5:00 p.m. on or before July 5, 2023, or at a mutually agreed time**, at the office of Naman Howell Smith & Lee, 8310 N. Capital of Texas Highway, Ste 490, Austin, Texas 78731, the following documents, electronically stored information or objects, and must permit inspection, copying, testing, or sampling of the material:

**SEE EXHIBITS "A" and "B" ATTACHED HERETO**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature: David L. LeBas]*<br>David L. LeBas<br>Naman Howell Smith & Lee<br>8310 N. Capital of Texas Highway, Ste 490<br>Austin, Texas 78731<br>Ph. 512-479-0300<br>*Attorney for AgTexas Farm Credit Services*<br>*Ag Texas PCA and*<br>*Thorlakson Diamond T. Feeders, LP* | June 20, 2023 |

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)*_____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)*_____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 4)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## DEFINITIONS

### (Glenn Karlberg)

1. <u>AgTexas</u>. The term "AgTexas" shall mean AgTexas Farm Credit Services, a federally chartered agricultural credit association formed under the Farm Credit Act of 1933, and AgTexas PCA, a federally chartered production credit association formed under the Farm Credit Act of 1933.

2. <u>Thorlakson</u>. The term "Thorlakson" shall mean Thorlakson Diamond T Feeders, LP, a limited partnership organized under the laws of, and doing business in, the State of Texas.

3. <u>Rabo</u>. The term "Rabo" shall mean Rabo AgriFinance, LLC, a Delaware limited liability company, and all officers, directors, members, employees, attorneys, agents, and representatives of the foregoing.

4. <u>Debtors</u>. The term "Debtors" shall mean McClain Feed Yard, Inc., McClain Farms, Inc., and 7M Cattle Feeders, Inc., as named and described in Cause No.'s 23-20084, 23-20085, and 23-20086 filed in this Court. This term also includes any of the Debtors' agents, employees, directors, members, officers, or representatives.

5. <u>CRO</u>. The term "CRO" shall mean Chief Restructuring Officer.

6. <u>CRO Time Period</u>. The term "CRO Time Period" means any time period(s) while You (Glenn Karlberg) have been, or were serving, as Chief Restructuring Officer, including from the date You were appointed to the present. If You (Glenn Karlberg) have stopped serving as CRO, then the Time Period shall include up to the date You stopped serving as CRO.

7. <u>McClain</u>. The term "McClain" shall mean Brian Keith McClain, aka Brian K. McClain, and also includes his agents, heirs, and representatives, including but not limited to his

1

estate, his widow Chelsea McClain, his former spouse Crystal McClain, his daughter Meagan B. Goad, f/k/a Meagan B. Powell, and his daughter Kinsey Moreland.

8. <u>Relevant Documents Time Period</u>. The term "Relevant Documents Time Period" shall mean the period from January 1, 2018, through the present.

9. <u>Relevant Communications Time Period</u>. The term "Relevant Communications Time Period" shall mean the period from January 1, 2021, through the present.

10. <u>Documents or Electronically Stored Information</u>. The term "documents or electronically stored information" shall be synonymous in meaning and equal in scope to the usage of those terms in Rule 34 of the Federal Rules of Civil Procedure, and shall include, *without limitation*, any written, printed, electronic, typed, recorded, filmed, punched, transcribed, taped, or other graphic matter of any kind or nature however stored, produced, or reproduced, whether sent or received or neither, including the original, drafts, copies, and non-identical copies bearing notations or marks not found on the original, and includes, but is not limited to, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, paper, indices, electronic mail messages, electronic text messages, voicemail, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files (including activity logs, records of internet and web browser generated files, history files, caches, and cookies), network access information, blogs, tweets, instant messages, letters, envelopes, telegrams, cables, telex messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, minutes or transcripts or notations of meetings or telephone conversations or other communications of any type, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, billing records, invoices, or photographs, or other data compilations in any medium from which information can be obtained,

including, but not limited to microfilms, magnetic tapes, electronic storage, computers, laptops, hard drives, thumb drives, personal digital assistants, smart phones, and archives, and includes any other documents discoverable under Federal Rule of Civil Procedure 26, which are in your custody, possession, and/or control or to which you otherwise have access. The term "document" *also includes* file and folder tabs associated with each of the aforementioned originals, copies, drafts, or versions. The term "document" also includes "communication" as defined herein.

11. <u>Communications</u>. The term "communications" shall be construed as broadly as possible, and shall include, but not be limited, to all e-mails, text messages, correspondence, memoranda, or other written documentation in any form.

12. <u>Concerning</u>. The term "concerning" means referring to, referencing, reflecting, in connection with, describing, evidencing, indicating, supporting or constituting, digesting, embodying, establishing, tending to establish, tending not to establish, comprising, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting or including, in whole or in part.

13. <u>All/Each</u>. The terms "all" and "each" shall be construed as all and each.

14. <u>And/Or</u>. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15. <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

16. <u>Tense</u>. The use of the present tense includes the present and past tense, and the use of the past tense includes the past and present tense.

17. <u>You/Your</u>. The terms "You" and/or "Your" means to person or entity to whom this subpoena is directed, and its agents or employees thereof with knowledge of the matters contained

3

in the documents requested herein. This also includes any agent or employees with knowledge of the matters contained in the documents requested herein of Ampleo.

## **INSTRUCTIONS**

A. To the extent any Document Request in this subpoena seeks documents also covered by any other Document Request(s) to You, it is for purposes of completeness only, and should in no way be construed as limiting or otherwise narrowing any of the other Requests herein.

B. These Requests shall extend to all documents in the possession, custody, and/or control of You, as well as all documents in the possession, custody, or control of persons or entities under Your control or which You could reasonably gain access.

C. In the event that more than one copy of a documents exists, You should produce the original and each non-identical copy of each document or other tangible thing requested herein that is in Your possession, custody or control, or the control of Your agents, attorneys, accountants, or employees, or to which You could reasonably gain access.

D. You should comply with the requirements of the Federal Rules of Civil Procedure regarding claims of privilege or protection of trial preparation materials.

E. These Requests shall be deemed continuing in nature to the fullest extent permitted by law. If further responsive information comes into the possession or attention of You or Your attorneys at any time during the course of this proceeding, such information must be provided as required by the Federal Rules of Civil Procedure.

4

**EXHIBIT B**

**REQUESTED DOCUMENTS**

1. All communications between You with the Debtors for the Relevant Correspondence Time Period, or, from whenever the Debtors first contacted You, whichever is earlier.

2. All corporate resolutions executed by the Debtors' various corporate entities appointing You Chief Restructuring Officer for the Debtors.

3. All corporate resolutions executed by the Debtors' various corporate entities during the CRO Time Period. This includes whether or not You voted on the resolutions.

4. All board meeting minutes for any meetings held during the CRO Time Period.

5. All accountings related the Debtors' operations made by You or any of your representatives, or at your request or direction, during the CRO Time Period.

6. All accountings made by the Debtors, or their employees or agents, during the Relevant Document Time Period in Your possession.

7. All communications You had with Rabo, including any of their agents or employees, during the Relevant Communications Time Period, or during the CRO Time Period, whichever is earlier.

8. All communications between You and the following individuals during the Relevant Communications Time Period, or during the CRO Timer Period, whichever is earlier:

- Brian McClain;
- Crystal McClain;
- Chelsea McClain;
- Meagan B. Goad, aka Megan B. Powell;
- Jed Goad;
- Kinsey Moreland;

5

- Angela Powell;
- Michelle Stockett

9. All documents exchanged between You and Focus Management during the Relevant Documents Time Period.

10. All communications exchanged between You and Focus Management during the Relevant Communications Time Period.

11. All auction and/ or other sales receipts from any cattle sold by the Debtors in Your Possession from the Relevant Documents Time Period.

12. All communications You had with any auction service during the CRO Time Period.

13. All letters, notices, memoranda, or other written documents from any auction service related to holding of proceeds from any cattle sold by the During the CRO Time Period through the present.

14. All records and documents evidencing lines of credit, and the amounts extended to Debtors by Rabo during the Relevant Documents Time Period in Your Possession.

15. All evidence of payments made by the Debtors on any lines of credit extended by Rabo during the Relevant Documents Time Period in Your Possession.

16. All records of assets maintained by the Debtors as of March 1, 2023, through the present.

17. All records and documents asset transfers made by the Debtors to any individual or entity from March 2023 to the present.

18. All communications between You and Rabo during the CRO Period, or the Relevant Communications Time Period, whichever is earlier.

19. All bank statements given to you by Brian McClain, or any agent, employee or

6

representative of the Debtors during the CRO Time Period, or the Relevant Documents Time Period, whichever is earlier.

20. All documents in your possession related to the cash-flow of the Debtors' operations during the Relevant Documents Time Period.

21. All documents in your possession related to the number of cattle on hand during the Relevant Documents Time Period.

22. Any and all forbearance agreements executed by You on behalf of the Debtors with any financial agency who provided a credit facility to the Debtors.

23. All notes, mental impressions, summaries, or memoranda created by You that pertain in any way to the Debtors' operations during the CRO Time Period.

24. Copies of all written records reflecting any recommendation made by You related to the Debtors' operation during the CRO Time Period.

25. All documents in Your possession that pertain to outside investments made by any individual or entity into the Debtors' operations.

26. All non-privileged communications between You and any outside law-enforcement agency during the CRO Time Period. For the purpose of this request, the term "law-enforcement agency" includes but is not limited to, the Securities and Exchange Commission, the United States Department of Agriculture, the U.S. Department of Justice, any State Judicial District or prosecuting attorney's office, or any other law enforcement agency, state or federal.

27. All communications between You and the Texas Special Rangers or persons employed by the Texas & Southwestern Cattle Raisers' Association which are related to the liquidation of any cattle in the ownership and/or possession of the Debtors in the months of April 2023 and May 2023.

28. Copies of all monthly borrowing base reports ("BBR") in Your possession submitted

7

by the Debtors to any lender during the Relevant Documents Time Period.

29. Copies of all bank statements in Your possession that in any way relate to the Debtors' operations.

30. Any resolutions reached by You, or Your agents or employees, with unsecured creditors on behalf of the Debtors during the CRO Time Period.

31. Any communications You or Your agents or employees had with unsecured creditors on behalf of the Debtors during the CRO Time Period.

32. All resolutions reached by You, or Your agents or employees, with secured creditors on behalf of the Debtors during the CRO Time Period.

33. Any communications You or Your agents or employees had with secured creditors on behalf of the Debtors during the CRO Time Period.

34. Documents related to any efforts made by You and/or the Debtors to secure outside capital to fund the Debtors' operation. This includes any efforts made by Your and the Debtors' agents, employees, or representatives.

35. Copies of any private or public suicide notes in Your possession made by Brian McClain.

36. Copies of any sales or transaction receipts of any assets liquidated by the Debtors during the CRO Time Period.

37. Copies of any communications in your possession between the Debtors and MAP Enterprises during the Relevant Documents Time Period.

38. Copies of any communications in your possession between the Debtors and Wild Forrest during the Relevant Documents Time Period.

39. Any communications You had with MAP Enterprises from the time the Debtors first contacted you.

8

40. Any communications You had with Wild Forrest from the time the Debtors first contacted you.

41. Any communications You had with any investors who invested money into any part of the Debtors' entities from the time the Debtors first contacted you.

42. All non-privileged communications between You and any representative of Brian McClain's estate, including attorneys thereof.

43. All non-privileged documents given to You by any representative of Brian McClain's estate, including attorneys thereof, that evidence assets belonging to Brian McClain's estate.