



**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 23, 2023**

_____
**United States Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| IN RE:<br><br>McCLAIN FEED YARD, INC.,<br><br>    Debtor. | **CASE NO. 23-20084-7-rlj**<br><br>**Chapter 7** |
| IN RE:<br><br>McCLAIN FARMS, INC.,<br><br>    *Debtor*. | **CASE NO. 23-20085-7-rlj**<br><br>**Chapter 7** |
| IN RE:<br><br>7M CATTLE FEEDERS, INC.,<br><br>    *Debtor*. | **CASE NO. 23-20086-7-rlj**<br><br>**Chapter 7** |

**AGREED ORDER GRANTING RABO AGRIFINANCE LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

This matter came before the Court on June 21, 2023 for a hearing on *Rabo's Motion for Relief from the Automatic Stay* (the "**Motion**") that has been filed in all three of the above-entitled Chapter 7 cases by Rabo AgriFinance LLC ("**Rabo**").  Prior to the hearing, the Court carefully considered the Motion and all responses filed thereto.  At the hearing, the parties announced an agreement had been reached by those who had filed responses to the Motion and the Court found that the Motion was well-taken, and that the relief requested therein should be granted.

Based upon the foregoing, pursuant to 11 U.S.C. § 362, Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, and for good cause shown, **IT IS HEREBY ORDERED** as follows:

1. The Motion shall be, and it hereby is, granted in all three cases as to all three Debtors and their bankruptcy estates.

2. The automatic stay of 11 U.S.C. § 362 is hereby terminated and lifted with respect to the real property, improvements, fixtures, water rights and other property (collectively, the "**Real Property**") described in those certain Deeds of Trust, Assignments of Rents and Security Agreements (Deaf Smith and Parmer Counties, Texas) that are attached at Exhibits "A" through "D" to the Motion, and the automatic stay, for cause pursuant to Section 362(d)(1) of the Bankruptcy Code, and Rabo is hereby authorized (but not directed) to repossess and foreclose upon, sell, or otherwise liquidate its alleged interest in the Real Property pursuant to non-bankruptcy law, without further order of the Court.

3. The automatic stay of 11 U.S.C. § 362 is also hereby terminated and lifted with respect to any and all equipment and fixtures (excluding only titled equipment or fixtures or any

computers, laptops, phones, thumb drives or any other equipment that would contain any of the Debtors' records) (collectively, the "**Equipment**") owned by any of the above-entitled Debtors, including but not limited to the Exhibit described and identified in Exhibits "E" through "G" of the Moton, and Rabo is hereby authorized (but not directed) to repossess and foreclose upon, sell, or otherwise liquidate its alleged interest in the Equipment pursuant to non-bankruptcy law, without further order of the Court.

4. Nothing set forth herein shall constitute a determination or finding concerning the lien validity or priority of Rabo and any other creditor or party in interest with respect to the Equipment, including but not limited to the lien priority between Rabo and Caterpillar Financial Services Corporation, Northland Capital Financial Services or First Kentucky Bank with respect to the specific items of Equipment that those creditors assert senior liens against, and lien priority in the Equipment shall be determined in conformance with applicable non-bankruptcy law, including applicable provisions of the Uniform Commercial Code.

5. Rabo shall cooperate with Caterpillar Financial Services Corporation, Northland Capital Financial Services, and First Kentucky Bank in any liquidation of the Equipment and in the distribution of the proceeds of the Equipment in accordance with the lien priorities established by applicable non-bankruptcy law.

6. Nothing set forth herein shall constitute (a) a release or waiver of any claims or causes of action that the Trustee, the estates or any party in interest may have against Rabo arising out of or related to the Debtors or their assets or property, or (b) any claims or causes of action that Rabo may have against the Trustee, the estates or any party in interest arising out of

or related to the Debtors or their assets or property.

7. Nothing set forth herein shall constitute findings or conclusions sufficient to invoke the doctrines of res judicata or collateral estoppel either by or against Rabo or to preclude or bar any claims or causes of action by or against Rabo.

8. The fourteen (14) day stay period established by Federal Rule of Bankruptcy Procedure 4001(a)(3) is hereby waived, and this Order shall take effect immediately upon its entry on the Court's docket.

###############################END OF ORDER################################

**Order Submitted by:**

/s/ Michael R. Johnson                Dated: June 23, 2023
Michael R. Johnson
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: mjohnson@rqn.com

**Approved as to Form:**

/s/ Kent Ries, Trustee (with Permission)        Dated: June 23, 2023
Kent Ries, Chapter 7 Trustee
kent@kentries.com

4

| | |
|---|---|
| */s/ Michelle D. Esparza (with Permission)*<br>John R. Nelson<br>Michelle D. Esparza<br>jnelson@dickinsonwright.com<br>mesparza@dickinsonwright.com<br>*Attorneys for Caterpillar Financial Services Corporation* | Dated:  June 23, 2023 |
| */s/ Nicole E. Gorovsky (with Permission)*<br>Nicole E. Gorovsky ngorovsky@jenkinskling.com<br>Daniel P. Callahan<br>dcallahan@kesslercollins.com<br>*Attorneys for Northland Capital Financial Services, LLC* | Dated:  June 23, 2023 |
| */s/ Tom Blankenship (with Permission)*<br>Tom Blankenship<br>tom@bedlaw.com<br>*Attorneys for First Kentucky Bank* | Dated:  June 23, 2023 |